# EXHIBIT N
**REDACTED**

**Narwold, Bill**

| | |
|---|---|
| **From:** | Narwold, Bill |
| **Sent:** | Friday, December 22, 2023 11:35 AM |
| **To:** | Horn, Elaine |
| **Cc:** | Rice, Joe; Oliver, Lance |
| **Subject:** | Eberhardt Matter |

Elaine,

Thanks for your email of December 20, 2023.

I appreciate that ███████████████████████████████████████ ███████████████ We are, however, at a loss to understand Venture Global's decision to deny Mike the right to exercise his options ███████████████████████████████████ ████████████████ It is not clear to us what ██████████████, and your email does not say. We do not believe Venture Global's position is credible.

First, there is no shareholder group. According to Venture Global's recent Department of Energy filings, Venture Global is now a "wholly-owned subsidiary" of Venture Global Holdings, Inc. If Mike were permitted to exercise his options, he would become the only other shareholder and have less than ██% of Venture Global's outstanding stock. ██████████ ████████████████████████████████ What ███████████████████████████████ ████████████████ having Venture Global Holdings and Mike as the sole shareholders of Venture Global?

Second, if the Compensation Committee re-reads my November 30, 2023 email, it will see that the first exercise option we propose is "a cash payment [by Venture Global] equal to the difference between the aggregate strike price of the options and the aggregate fair market value of the option shares." This would fully address Venture Global's avowed concern about the ██████████████████████████ Moreover, we understand that Venture Global █████████████████████████████████████████████

Third, alternatively, if Venture Global is not willing to make a cash payment, Michael will agree, as part of his option exercise, to sell his option shares to PIMCO or one of the other institutional investors in Venture Global Holdings. This approach would not require Venture Global to make any cash payment ████████████████████████████ This approach would appear to be a win/win.

Fourth, there is ████████████████████████████████████████████████ especially where as here, 85% of the company is owned by two individuals, █████████████

1

██████ and ████████████████████████ It is not unusual at all for large private companies to have dozens and even hundreds of shareholders. If I am mistaken in that, let me know what these purported risks are, and we will gladly work with Venture Global to address them.

I would hope that Venture Global will respond to the matters I have raised above, but I suspect the answer will be the same: Venture Global will not permit Mike to exercise his options now under any circumstances and ████████████████████████████████ If I am wrong, let me know.

I suggest we chat in the new year. I am generally around January 4 and 5. Would there be a convenient time for me to call?

Best wishes for the holidays.

Bill



**William H. Narwold** Attorney at Law

One Corporate Center, 20 Church St., 17th Flr, Hartford, CT 06103
o. 860.882.1676 c. 860.543.3445
bnarwold@motleyrice.com

# Narwold, Bill

**From:** Horn, Elaine <EHorn@wc.com>
**Sent:** Wednesday, December 20, 2023 2:01 PM
**To:** Narwold, Bill
**Cc:** Rice, Joe; Oliver, Lance
**Subject:** RE: Eberhardt Matter

CAUTION:EXTERNAL

Bill,

As requested, I shared your email with my client.

The company asked me to communicate to you that, at your request, on behalf of Mr. Eberhardt, ▮▮▮▮ did not consent to the exercise by Mr. Eberhardt of his stock options ▮▮▮▮

If following this response you would like to discuss ▮▮▮▮ please let me know.

Best regards,

Elaine

**From:** Narwold, Bill <bnarwold@motleyrice.com>
**Sent:** Friday, December 8, 2023 10:09 AM
**To:** Horn, Elaine <EHorn@wc.com>
**Cc:** Rice, Joe <jrice@motleyrice.com>; Oliver, Lance <loliver@motleyrice.com>
**Subject:** RE: Eberhardt Matter

Elaine,

Thanks for your email of December 5.

I appreciate that Venture Global did not consent in the past when Michael sought to exercise his options. ▮▮▮▮ I had hoped, given the four lawsuits and ▮▮▮▮ with other option holders, that Venture Global would ▮▮▮▮ as to Michael.

1

Michael would like to exercise his options now. ███████████
███ We request that the Compensation Committee of the Board of Directors be provided with both this email and my email of November 30, 2023 and that it consider Michael's current request and formally respond.

If, after consideration of Michael's request, Venture Global is still unwilling to consent, we would like to know the reason why and also know under what circumstances Venture Global would consent.  On a related note, I also want to be clear that we do not believe any dispute in this matter must be resolved by arbitration.  I have read the briefing and transcript in Mr. Dillbeck's case.  The language of Michael's Separation and General Release Agreement is materially different than Mr. Dillbeck's.  We can agree to disagree on this point.

We are prepared to discuss an amicable resolution, ████████████████████████
█████████████████ have previously suggested that you and I chat directly about how we might find a path forward.  Although we would like a formal response to Michael's request to exercise his options, I still think it makes sense for you and I to hop on a call or Zoom.

Let me know.

   Bill



**William H. Narwold** Attorney at Law

One Corporate Center, 20 Church St., 17th Flr, Hartford, CT 06103
o. 860.882.1676 c. 860.543.3445
bnarwold@motleyrice.com

**From:** Horn, Elaine <EHorn@wc.com>
**Sent:** Tuesday, December 5, 2023 8:29 AM
**To:** Narwold, Bill <bnarwold@motleyrice.com>
**Subject:** Eberhardt Matter

CAUTION:EXTERNAL

Bill,

I am responding to your email of November 30.  While we agree that Mr. Eberhardt has options that do not expire until January 15, 2026, the remainder of the factual assertions and characterizations in your letter are inaccurate and/or misplaced.

Although Mr. Eberhardt holds valid options, under the terms of his Amended & Restated Non-Qualified Stock Option Agreement,████████████████████████████
██████ That has not happened.  Thus, under the terms of his Agreement,████████████████
████████████████████████████████████████████ Mr. Eberhardt previously sought the required consent, and his request was denied. ███████████

[REDACTED]

Finally, our discussions of this matter have been amicable, and we hope that they remain so. Nevertheless, we must remind Mr. Eberhardt [REDACTED] Since you appear to be familiar with the recent District Court proceedings involving other option holders, you should note that the Court fully enforced a dispute resolution provision comparable to Mr. Eberhardt's and dismissed that litigant's claims.

Best regards,
Elaine

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

# Narwold, Bill

| | |
|---|---|
| **From:** | Narwold, Bill |
| **Sent:** | Thursday, November 30, 2023 11:19 AM |
| **To:** | Horn, Elaine |
| **Cc:** | Rice, Joe; Oliver, Lance |
| **Subject:** | Michael Eberhardt |

Elaine,

As you know, we represent Michael Eberhardt, a former Chief Financial Officer and Treasurer of Venture Global LNG, Inc.

████████████████████████████████████████████████████████████████

Michael intends to exercise his options. Accordingly, would you please provide us with the exercise form ███████████████████████████████ ███████ Would you also please let us know whether the completed exercise form should be delivered to Venture Global or ███████████████ and advise us whether there are ███████████████████████████████████████████ for exercising options. Please also advise us of ███████████████████████ ███████████████████████████████████████████ ███████████████████ Finally, please provide us a copy of the Stockholders Agreement ████████████████████████████████████████████████████████████████

Michael is willing to work with Venture Global as to the manner in which the option exercise is effectuated. First, Michael is willing to accept a cash payment equal to the difference between the aggregate strike price of the options and the aggregate fair market value of the option shares on the date of exercise. We note that Venture Global has done a number of multi-billion-dollar debt issuances earlier this year, so we assume that Venture Global would have more than sufficient cash liquidity. We also note that, in the past few months, ███████████ ███████████ A cash payment would address the concern expressed to Ms. Lindquist in

1

June 2023 that Venture Global "has a material interest in restricting the exercise of vested stock options prior to the date of any Change of Control or IPO of the Company."

Alternatively, Michael is willing to exercise his options by paying the aggregate strike price and any tax withholding by allowing Venture Global ███████████████████ ████████ to Michael as permitted in the ████████████████████████████ sections of the A&R Agreement. This approach would minimize the number of common shares Venture Global would have to issue.

Finally, Michael is prepared to pay cash for the exercise of his options and to fund the estimated withholding. Michael will make the appropriate financial arrangements to pay the exercise price and the estimated withholding. However, before he does so, he needs to know that Venture Global will honor his decision to exercise. Michael is aware of how Venture Global addressed Ms. Lindquist's option exercise earlier this year. Venture Global asked Ms. Lindquist to demonstrate that she had the financial wherewithal to exercise her late-husband's options. Then when she made the necessary showing, Venture Global refused to honor her exercise. Michael does not want to line up financing and then be told that Venture Global will not honor his exercise.

Whichever of these three options Venture Global chooses to pursue will require establishing the fair market value of the shares on the date the exercise is effected. We are willing to discuss whether the recent repurchase of the T.Rowe Price shares and related valuation amount reflected by T.Rowe Price in its registered funds might be an appropriate proxy. We are also open to other approaches. We know that in April 2023, Venture Global informed Ms. Lindquist that the fair market value of the Venture Global common shares was $18,000/share. If Venture Global has updated that number (especially in light of the September 25, 2023 reorganization) or performed a recent 409A valuation, we are willing to consider whether that updated number would be appropriate.

Please let us know how you would like to proceed. We look forward to a prompt response.

Bill



**William H. Narwold** Attorney at Law

One Corporate Center, 20 Church St., 17th Flr, Hartford, CT 06103
o. 860.882.1676 c. 860.543.3445
bnarwold@motleyrice.com

2