# EXHIBIT S

# EXHIBIT D

## VENTURE GLOBAL LNG, INC.
## 2014 STOCK OPTION PLAN

### NON-QUALIFIED STOCK OPTION AGREEMENT
### AMENDED & RESTATED EFFECTIVE JUNE 12, 2017

Venture Global LNG, Inc., a Delaware Corporation (the "*Company*"), hereby amends and restates the grant of a non-qualified stock option to purchase the number of shares of Series A Common Stock of the Company, par value $0.01 per share (the "*Common Shares*"), to the Grantee named below as set forth in the grant letter from the Company addressed to the Grantee dated June 3, 2016 (the "*Grant Date*") by this amendment and restatement of such non-qualified stock option (the "*Option*"). Additional terms and conditions of the amended and restated grant are set forth on this cover sheet and in the attached Non-qualified Stock Option Agreement (together, the "*Agreement*"). The Grantee also acknowledges and agrees that this Option shall be subject to the terms and conditions of the Company's 2014 Stock Option Plan (the "*Plan*").

| | |
|---|---|
| Grantee Name: | Terry Newendorp |
| Number of Common Shares: | 500 |
| Option Price per Common Share: | $3,157 |
| Vesting Schedule: | The Option shall vest and become exercisable with respect to the underlying Common Shares in sixteen (16) equal installments (rounded down to the nearest whole share, except for the last vesting installment) on each three (3) month anniversary of the Grant Date over a period of four (4) years beginning on the Grant Date, subject to the Grantee's continued Service through each vesting date; provided however that the sixteenth (16th) installment shall vest on June 3, 2020, subject to the Grantee's continued Service through such date. |
| Expiration Date: | Date that is 10 years from the Grant Date |

*Signature Page Follows*

*By your signature below, you agree to all of the terms and conditions described in the Agreement and in the Plan, a copy of which has been provided to you. You acknowledge that you have carefully reviewed the Plan, and agree that the Plan will control in the event any provision of this Agreement is inconsistent with the Plan.*

Grantee: _Terry A Newendorp_ Date: _6/27/17_
(Signature)

Company: _[signature]_ Date: _6/30/2017_
(Signature)
Title: Co-Chairman, Board of Directors

Attachment

*This is not a stock certificate or a negotiable instrument.*

2

## VENTURE GLOBAL LNG, INC.
## 2014 STOCK OPTION PLAN

### NON-QUALIFIED STOCK OPTION AGREEMENT
### AMENDED & RESTATED EFFECTIVE JUNE 12, 2017

| | |
|---|---|
| **Non-qualified Stock Option** | This Agreement evidences an amendment and restatement of the Original Option exercisable for the number of Common Shares set forth on the cover sheet of this Agreement and subject to the vesting and other terms and conditions set forth in this Agreement and in the Plan. The Option is not intended to be an incentive stock option under Section 422 of the Code and will be interpreted accordingly. |
| **Vesting and Forfeiture** | The Option will vest in accordance with the Vesting Schedule set forth on the Cover Sheet, subject to your continued Service through each vesting date. If Service is terminated for any reason the unvested portion of the Option will be forfeited. |
| **Exercisability and Expiration of Option** | You may exercise the vested portion of your Option in accordance with the terms of this Agreement and the Plan at any time prior to the Expiration Date, provided, however, that prior to the date of a consummation of a Change in Control or IPO, such exercise may only be effected with the consent of the Committee. The vested portion of your Option may not be exercised following the Expiration Date set forth on the cover sheet of this Agreement. Your Option will expire on such Expiration Date. |
| **Notice of Exercise** | The Option may be exercised, in whole or in part, to purchase a whole number of vested Common Shares of not less than 10 shares, unless the number of vested Common Shares purchased is the total number available for purchase under the Option, by following the procedures described in the Plan and in this Agreement. |
| | The Option may be exercised only in the manner set forth in this Agreement and the Plan. |
| | If someone other than you exercises the Option after your death, then that person must submit documentation reasonably acceptable to the Committee verifying that the person has the legal authority to exercise the Option as your beneficiary. |
| **Form of Payment** | When you exercise the Option, you must include payment of the Option Price indicated on the cover sheet of this Agreement for the Common Shares that you are purchasing. Payment may be made in one (or a combination) of the following forms: |
| | a. Cash, your personal check, a cashier's check, a money |

3

          order or another cash equivalent acceptable to the Committee.

      b. To the extent a public market exists for the Common Shares, as determined by the Committee, delivery (on a form prescribed or accepted by the Committee) of an irrevocable direction to a licensed securities broker acceptable to the Committee to sell the Common Shares subject to the Option and to deliver all or part of the sale proceeds to the Company in payment of the aggregate Option Price and any withholding taxes.

      c. Subject to the consent of the Committee, Common Shares that you already own or that are subject to the vested portion of the Option and that you surrender to the Company. The value of the Common Shares, determined in the date of exercise of the Option, will be applied to the Option Price.

**Evidence of Issuance**  The issuance of the Common Shares upon exercise of the Option will be evidenced in such a manner as the Committee, in its sole discretion, deems appropriate, including, without limitation, book-entry, direct registration (including transaction advices) or issuance of one or more share certificates.

**Withholding**  You will not be allowed to exercise the Option unless you make acceptable arrangements to pay any withholding or other taxes that may be due as a result of the Option exercise. If the Company or an Affiliate determines that any tax or withholding payment is required relating to the exercise or sale of Common Shares purchased upon exercise of the Option under Applicable Laws, the Company or an Affiliate, as the case may be, will have the right to require such payments from you, or withhold such amounts from other payments due to you from the Company or its Affiliates. Subject to the prior approval of the Company or an Affiliate, which may be withheld by the Company or such Affiliate, as the case may be, in its sole discretion, you may elect to satisfy this withholding obligation, in whole or in part, by causing the Company to withhold Common Shares otherwise issuable to you or by delivering to the Company Common Shares you already own. The Common Shares so delivered or withheld must have an aggregate Fair Market Value not exceeding the minimum amount of tax required to be withheld by Applicable Law, unless the Company has adopted Accounting Standards Update 2016-09 ("AS 2016-09") or AS 2016-09 or a similar rule is otherwise in effect, in which case the Company instead may choose to withhold an amount of Common Shares up to the amount equal to the maximum statutory rate applicable to the

4

|  | Grantee. Any such withheld Common Shares may not be subject to any repurchase, forfeiture, unfulfilled vesting, or other similar requirements. The Fair Market Value of the Common Shares used to satisfy such withholding obligation shall be determined by the Company or such Affiliate as of the date on which the amount of tax to be withheld is to be determined. |
|---|---|
| **Transfer of Option** | Except as provided in this section, during your lifetime only you (or in the event of your legal incapacity or incompetency, your guardian or legal representative) may exercise the Option, and the Option may not be assigned or transferred by you, other than by designation of beneficiary, will or the laws of descent and distribution. Notwithstanding the preceding, prior to an IPO (unless a public market exists for the Common Shares as determined by the Committee), any such attempted transfer to a person other than your surviving spouse or surviving issue in connection with your death shall be null and void and instead transferred to your spouse, and, if none, your children per stirpes. |
|  | In the event of your termination of Service, this Agreement will continue to be applied with respect to you, following which the Option will be exercisable by the eligible transferee only to the extent, and for the periods specified in this Agreement. |
| **Market Stand-off Agreement** | In connection with any underwritten public offering by the Company of its equity securities pursuant to an effective registration statement filed under the Securities Act, including the Company's IPO, you agree not to sell, make any short sale of, loan, hypothecate, pledge, grant any option for the purchase of, or otherwise dispose or transfer for value or agree to engage in any of the foregoing transactions with respect to any Common Shares without the prior written consent of the Company or its underwriters, for such period of time after the effective date of such registration statement as may be requested by the Company or the underwriters, which is expected not to exceed 180 days in length, but may be longer if required by the Company's underwriters. |
| **Retention Rights** | This Agreement and the grant of the Option do not give you the right to be retained by the Company or any of its Affiliates in any capacity. |
| **Stockholder Rights** | You, or your estate or heirs, have no rights as a stockholder of the Company until the Common Shares have been issued upon exercise of the Option and either a certificate evidencing the Common Shares has been issued or an appropriate entry has been made on the Company's books. This section shall be subject in all |

5

|  |  |
|---|---|
|  | cases to the section titled "Transfer of Option" above. No adjustments are made for dividends, distributions or other rights if the applicable record date occurs before your certificate is issued or the appropriate book entry is made, except as described in the Plan. |
| **Applicable Law** | The validity and construction of this Agreement will be governed by, and construed and interpreted in accordance with, the laws of the State of Delaware, other than any conflicts or choice of law rule or principle that might otherwise refer construction or interpretation of this Agreement to the substantive laws of any other jurisdiction. |
| **Adjustments** | If the number of outstanding Common Shares is increased or decreased or the Common Shares are changed into or exchanged for a different number of shares or kind of capital stock or other securities of the Company on account of any recapitalization, reclassification, stock split, reverse stock split, spin-off, combination of stock, exchange of stock, stock dividend or other distribution payable in capital stock, or other increase or decrease in Common Shares effected without receipt of consideration by the Company occurring after the Grant Date, the number and kind of Common Shares underlying your Option will be adjusted proportionately and accordingly by the Committee so that your proportionate interest therein immediately following such event will, to the extent practicable, be the same as immediately before such event. Any such adjustment in your Option will not change the aggregate Option Price payable with respect to Common Shares that are subject to the unexercised portion of your Option, but will include a corresponding proportionate adjustment in the per share Option Price, as the case may be. |
| **Right of First Refusal and Right of Repurchase on Account of Death** | Prior to the time when the Common Shares are listed on a Stock Exchange or are publicly traded on a Securities Market, you will not sell, pledge, assign, gift, transfer, or otherwise dispose of any Common Shares acquired pursuant to your Option to any person or entity without first offering such Common Shares to the Company for purchase on the same terms and conditions as those offered the proposed transferee. The Company may assign its right of first refusal in whole or in part, to (a) any holder of stock or other securities of the Company, (b) any of its Affiliates, or (c) any other person or entity that the Board determines has a sufficient relationship with or interest in the Company. The Company will give reasonable written notice to you of any such assignment of its rights. Prior to the time when the Common Shares are listed on a Stock Exchange or are publicly traded on a Securities Market, these restrictions apply to any person to whom Common Shares that were originally acquired pursuant to your Option are sold, |

6

|  |  |
|---|---|
|  | pledged, assigned, bequeathed, gifted, transferred, or otherwise disposed of, without regard to the number of such subsequent transferees or the manner in which they acquire the Common Shares, but these restrictions do not apply to a transfer of Common Shares that occurs as a result of your death or the death of any subsequent transferee (but shall apply to the executor, the administrator or personal representative, the estate, and the legatees, beneficiaries, and assigns thereof). Furthermore, if your death occurs prior to the time when the Common Shares are listed on a Stock Exchange or are publicly traded on a Securities Market, the Company shall have the right to repurchase any Common Shares acquired pursuant to your Option from your beneficiary or estate, as applicable, at any time during the 180-day period following your death. The purchase price in all such circumstances shall be the aggregate Fair Market Value of the applicable Common Shares on the repurchase date. |
| **Stockholders Agreement** | As a condition to holding the Option granted under the terms of this Agreement, you agree to be bound by the Stockholders Agreement if, and when, you become the holder of Common Shares pursuant to exercise of the Option at a time when the Common Shares are not listed on a Stock Exchange or are not otherwise publicly traded on a Securities Market. Notwithstanding the foregoing, you will no longer be subject to the Stockholders Agreement following the time when the Common Shares are listed on a Stock Exchange or are publicly traded on a Securities Market. The Company represents and warrants to the Grantee that (a) it has taken the necessary corporate action and that it has the legal right to enter into this Agreement and perform all of the obligations on its part to be performed hereunder in accordance with the terms of this Agreement and (b) this Agreement does not conflict with the Stockholders Agreement. |
| **The Plan** | The text of the Plan is incorporated into this Agreement. |
|  | Capitalized terms used in this Agreement but not defined will have the meaning set forth in the Plan. |
|  | This Agreement, the Plan, and any other agreement that (i) expressly references this Agreement or Company employee options generally and (ii) is dated on or after the Grant Date, shall constitute the entire understanding between you and the Company regarding the Option. Any prior agreements, commitments or negotiations concerning the Option, including the Original Option, are superseded and replaced. |
| **Data Privacy** | To administer the Plan, the Company may process personal data |

7

about you. This data includes, without limitation, information provided in this Agreement and any changes to such information, other appropriate personal and financial data about you, including your contact information and any other information that the Company deems appropriate to facilitate the administration of the Plan.

By continuing to accept the Option, you give explicit consent to the Company to process any such personal data.

**By signing this amended and restated Option Agreement you agree to all of the terms and conditions described above and in the Plan.**