IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

| | |
|---|---|
| D. MICHAEL EBERHARDT,<br><br>                              Plaintiff,<br><br>      v.<br><br>VENTURE GLOBAL LNG, INC.,<br>ROBERT PENDER, AND MICHAEL SABEL<br><br>                              Defendants. | Case No. 1:24-cv-01929 |

**DEFENDANTS' RESPONSE IN PARTIAL SUPPORT OF PLAINTIFF'S MOTION TO SEAL COMPLAINT**

On October 30, 2024, Plaintiff D. Michael Eberhardt filed a Complaint in this action, *see* ECF 1, and a Motion to Seal that Complaint in part, *see* ECF Nos. 5, 17. In that Motion, Mr. Eberhardt represents that he does not believe sealing is necessary. Defendants Venture Global LNG, Inc., Robert Pender, and Michael Sabel (collectively "Defendants") agree that many of Mr. Eberhardt's proposed redactions to the Complaint do not meet the standard for sealing under this Court's rules. Some limited redactions are necessary, however, to protect Venture Global LNG Inc.'s ("Venture Global") confidential financial information and business strategy.[1] Of the redactions noted by Mr. Eberhardt, Defendants specifically seek to maintain under seal the exact dollar amount "of unrestricted cash on [Venture Global's] balance sheet," Compl. ¶ 76 (page 31,

---

[1] Mr. Eberhardt neglected to redact some of Venture Global's confidential financial information. Defendants separately move to seal that information. Ex. B to this Motion reflects the entirety of Defendants' proposed redactions.

1

line 9), and details about the company's alleged motivations for financing decisions, *id.* (page 30, final paragraph; page 32, lines 6-8); *see also* Ex. A (marking requested redactions with "Defs.").

As Mr. Eberhardt explains, the First Amendment right of access applies to civil complaints. *See Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021). "To overcome this right of access there must be a compelling interest, and the sealing request must be narrowly tailored to serve the compelling interest." *Lifenet Health v. Lifecell Corp.*, No. 2:13CV486, 2015 WL 12517430, at *2 (E.D. Va. Feb. 12, 2015). The limited redactions Defendants seek to maintain meet this standard. The redactions concern Venture Global's financial information and strategy decisions, and reveal information that could undermine the Company's competitive advantages in the marketplace. The information is further protected under obligations of confidentiality to third parties and by Venture Global's non-disclosure agreement with Mr. Eberhardt, and is not available in the public domain. Courts have recognized that a corporation's interest in financial information subject to a non-disclosure agreement may overcome the public's interest in accessing information. *See Lifenet Health*, 2015 WL 12517430 at *4 (granting motion to seal financial information); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) (noting "cases involving contractual non-disclosure provisions, might properly be closed (or sealed) by a court" where the First Amendment standard applies); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984) (explaining sealing could be appropriate where "unbridled disclosure of the nature of the controversy would deprive the litigant of his right to enforce a legal obligation"). Moreover, the proposed redactions include "only key words and phrases" and so are narrowly tailored to balance its interests with the public's interest in access to court

documents. *Lifenet Health*, 2015 WL 12517430 at *4. They also omit only information that is otherwise superfluous to Mr. Eberhardt's claims.

  Mr. Eberhardt's Motion meets this Court's remaining requirements for sealing. He provided adequate notice of his sealing request, and the proposed redactions are limited. *See Philpot v. Indep. J. Rev.*, No. 1:20-cv-590, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021); *see also* Local Civ. Rule 5(C). And Defendants have described the particular reasons Venture Global's financial information should remain under seal, i.e. that revealing the information undermines Venture Global's competitive advantages in the marketplace.

  Accordingly, Plaintiff's Motion to Seal the Complaint should be granted in part.

Dated: November 6, 2024        Respectfully submitted,

                     */s/ Ryan T. Scarborough*
                     Ryan T. Scarborough (VSB No. 43170)
                     M. Elaine Horn (*pro hac forthcoming*)
                     WILLIAMS & CONNOLLY LLP
                     680 Maine Avenue SW
                     Washington, DC 20024
                     Telephone: (202) 434-5000
                     Fax: (202) 434-5029
                     rscarborough@wc.com
                     ehorn@wc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response in Support of Plaintiff's Motion to Seal has been served upon counsel of record by filing the same using the Court's CM/ECF system this 6th day of November 2024.

Dated: November 6, 2024                    Respectfully submitted,

/s/ Ryan T. Scarborough
Ryan T. Scarborough (VSB No. 43170)
M. Elaine Horn (*pro hac vice* forthcoming)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Fax: (202) 434-5029
rscarborough@wc.com
ehorn@wc.com

*Counsel for Defendants*